Battle, J.
 

 The equitable doctrine of marshalling arises where the owner of property subject to a charge had previously subjected it, together with another estate, to a permanent charge, and the property thus doubly charged is inadequate to satisfy both the claims. Adams’ Eq. 271. In the case of debtor and creditors the equity is not binding on the paramount creditor, for no equity can .be created against him by the fact that some one else has taken an im-. perfect security. But it is an equity against the debtor himself, that the accidental resort of the paramount creditor to the doubly charged estate, and the consequent exhaustion of that security, shall not enable him to get back th,e seoond estate discharged of both debts. If therefore, the paramount creditor resorts to the doubly charged estate the puisne creditor will be substituted to his rights, and will be satisfied out of the other fund to the extent to which his own may be exhausted.
 
 Ibid
 
 272.
 

 It is manifest from this statement of the doctrine that the paramount charge must be upon two funds. If the paramount charge be.upon one of the funds only, therexcan be no room for the application of the doctrine. The main inquiry in the case now before us must, therefore, be whether, in the division of an estate, a sum of money imposed for equality of partition upon the larger dividend is a charge in favor of the smaller, upon the land alone, or is a debt
 
 *264
 
 which may be enforced against the owner of such larger dividend by the ordinary remedies which the law affords against debtors. The solution of this inquiry depends upon the proper construction of the 82d chapter of the Revised Code, entitled “ Partition.” The first section of the act, after prescribing the mode in which real estate held by tenants in common is to be divided, declares that the commissioners shall be “ empowered to charge the more valuable dividends with such sums, to be paid to the dividends of inferior value, as they shall judge necessary, in order to make an equitable division.” The 3rd and 4th sections provide that “ the sums due from the more valuable dividends shall bear interest until paid;” that if some' of the tenants in common “ are obliged to be charged with money to the dividends of inferior value, then the money shall not be payable until the person, if a minor, shall arrive at the age of twenty-one years;” and that “the guardians of the minor, to whom a more valuable dividend shall fall, shall pay such sums whenever assets shall come into his hands; and if it shall appear that the guardian had assets which he did not apply, he shall pay out of his own proper estate any interest which shall have accrued in consequence of such failure." These provisions in relation to minors are expressed in somewhat different terms in the chapter on "Partition” in the Revised Statutes, secs. 3 and 4. In them it is said that “ if the minor heirs or tenants in common, to .whom are assigned the more valuable dividends, are obliged to be charged with a sum or sums of money to be paid to the dividend or dividends of inferior value, then and in that case the sum or sums so charged on the dividend or dividends shall not be paid until the heirs or tenants in common shall arrive at the age of twenty-one .years.” Then follows a declaration that “The sum or-sums so due from the more valuable dividends shall bear an interest of six per centum per annum until paid;
 
 Provided ahvays,
 
 that the guardian
 
 *265
 
 or guardians of such minor or minors, to whom, the more valuable dividend or dividends shall fall, shall at all times be at liberty, and is required, to pay such sum or sums, whenever assets shall come into his hands sufficient to discharge the same,” &c. “The power to charge the more valuable dividend or dividends with such sum or sums as they shall jfidge necessary, to be paid to the dividend or dividends of inferior value, in order to make an equitable division,” is conferred upon the commissioners who make the division in substantially and almost literally the same terms by the first section (c. 85) of the Eevised Statutes as it is by the corresponding section of the Eevised Code.
 

 In the construction of the above cited clauses of the 85th chapter of the Eevised Statutes, which were taken from the Act of 1787, (chap. 274 of the Eevised Code of 1820) it was decided, in the case of
 
 Jones
 
 v.
 
 Sherwood, 2
 
 Dev. & Bat. Eq. 179, that the land is the debtor, and the sole debtor, for the charge of money made upon it for equality of partition, and that, even when a note is given by the owner of the land to secure the charge, the land will still continue to be the primary debtor, and the note will be regarded as a collateral security only. The opinion of the court in which this principle is asserted is one of great ability, and the decision itself is sustained by the subsequent case of
 
 Sutton
 
 v.
 
 Edwards,
 
 5 Ire. Eq. 425.
 

 It must then be taken to have been established law that where a charge was made upon the more valuable dividend for equality of partition, upon the division of land under the provisions of the Eevised Statutes, the land charged was the sole debtor. The counsel for the plaintiffs contend that this law is changed by the Eevised Code, and the expression in the 3rd section of the act, that when some of the tenants in common “ are obliged to be charged with money to be paid to the dividends of inferior value, then the money shall not be payable until the person charged, if a minor,
 
 *266
 
 shall arrive at the age of twenty-one years,” is relied upon to establish the position. The words “ so charged upon the dividend or dividends,” in the corresponding part of the Eevised Statutes, are not to be found in the clause above quoted from the Eevised Code, and the counsel contend that the expression “ the person charged,” without the additional clause that the charge is “ upon the dividend or dividends,” indicates that the charge is upon the person, as well as upon the land. We are satisfied that such was not the intention of the Legislature, but that the words of the Eevised Code, as well as those of the Eevised Statutes, must be construed to mean nothing more than that the minor is to be charged in respect to the dividend of his land only. The first section of the act does not authorize any other charge, and all the subsequent sections must be construed with reference to that. In that part of the act which provides for the partition of the lands of tenants in common lying in different States, it is plainly expressed “ that the sum due from the greater dividend shall be a charge upon the land into whose hands soever it may come, although it may be taken without notice,” and there is not the slightest intimation of any charge upon the person. It would be a strange construction if that which was evidently intended for the ease and benefit oi the minor should be held to impose a debt upon his person, as well as a charge upon his land. The act meant to fix a charge upon the land, and upon that only, and, in doing so, it carries into effect the most exact justice between the parties to the partition. When the dividends are of unequal value it is manifest that' the owner of the more valuable dividend lias in his hands a part of the share of another co-owner. That part cannot be obtained specifically in land, and it must therefore of necessity be taken in money of the value of the land. It is indeed a part of the land converted for the-occasion into the shape of money. Where the party to whom it is to be paid
 
 *267
 
 applies for it, he must go to the land of which it is a part, and natural justice dictates that he should be restricted to that source alone. When, from the nature ox the real estate, it cannot be divided without imposing too heavy a charge upon the more valuable dividend, a charge which cannot be raised out of it without great inconvenience to the owner, then the whole estate ought to be sold for the purpose of partition; and that we find is provided for in the 6th section of the act.
 

 If this course of reasoning be correct, and it seems to us to be so, it puts an end to the question of marshalling, because it shows that the owner of the dividend of inferior value has a charge upon only one fund, to wit, the land forming the more valuable dividend
 

 In this view it becomes unnecessary to examine the numerous authorities referred to by the learned counsel for the plaintiffs. The defendant has but one fund to resort to, and, as that is paramount to any claim or equity of the plaintiffs, this bill cannot be maintained.
 

 The demurrer must be sustained, and the bill dismissed with costs.
 

 Per Curiam.
 

 Bill dismissed with costs.